IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **JOSHUA BARKLEY,** ) | |
| **ATTORNEY-IN-FACT FOR** ) | |
| **MELANIE LANE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No. 1:24-cv-1227-STA-jay |
| ) | |
| **PENNYMAC LOAN SERVICES, LLC,** ) | |
| **AND ANY OTHER PERSONS OR** ) | |
| **ENTITIES CLAIMING AN INTEREST** ) | |
| **IN THE SUBJECT PROPERTY,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT
ORDER GRANTING LEAVE TO SUBSTITUTE AND FILE AMENDED COMPLAINT
ORDER DENYING BARKLEY'S MOTION TO STAY FORECLOSURE
ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER GRANTING
DEFENDANT'S MOTION TO STAY DISCOVERY**

Before the Court is a report and recommendation (ECF No. 16) issued by the United States Magistrate Judge, recommending that the Court grant Defendant PennyMac Loan Services, LLC's Motion to Dismiss (ECF No. 7) and deny Plaintiff Joshua Barkley as attorney-in-fact for Melanie Lane's Motion to Stay Foreclosure (ECF No. 14) as moot. Although Barkley has not filed timely objections to the report, Lane, the person Barkley seeks to represent, has. Defendant has responded in opposition to Lane's objections. Barkley did file timely objections to the Magistrate Judge's order granting Defendant's motion to stay discovery and pretrial deadlines. For the reasons set forth below, Lane's objections to the report and recommendation and Barkley's objections to the order are overruled. Defendant's Motion to Dismiss is **GRANTED**, and Barkley's Motion to Stay

1

Foreclosure is **DENIED**. However, the Court finds good cause to substitute Melanie Lane as the named Plaintiff in this case and grant Lane an opportunity to amend the pleadings.

## BACKGROUND

On September 17, 2024, Plaintiff Joshua Barkley as attorney-in-fact for Melanie Lane filed a Complaint in the Chancery Court for Hardeman County, Tennessee. The Complaint alleged that Lane was the owner of certain real property located at 3990 Ebenezer Road in Toone, Tennessee. Lane executed a promissory note and deed of trust in favor of Brighton Bank in December 2021. The Complaint alleges that Defendant PennyMac Loan Services, LLC asserts an interest in the property and that Defendant's claim is invalid due to an improper assignment of the note and deed of trust. The Complaint prays for a ruling to quiet title and granting Plaintiff a temporary restraining order to enjoin Defendant from conducting foreclosure proceedings or initiating any collection action based on its invalid claim.

On October 14, 2024, Defendant removed the action to this Court based on the parties' diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332. Upon removal of the case to federal court, Defendant filed two motions: a Motion to Dismiss the Complaint (ECF No. 7) and a Motion to Stay Discovery (ECF No. 8) until the Court had decided the Motion to Dismiss. Defendant argues in its Motion to Dismiss that the Complaint is a nullity under Tennessee law. Plaintiff Joshua Barkley appears to be a layperson who is acting on behalf of another layperson. Therefore, a pleading signed by Barkley is void as a matter of Tennessee law. Defendant goes on to argue that the Court should dismiss the Complaint for insufficiency of process and insufficiency of service of process. Barkley served Defendant by means of certified mail but did not include a summons with a copy of the Complaint and did not serve Defendant's registered agent for service of process. In its Motion to Stay Discovery, Defendant separately

requests relief from any pretrial disclosure and discovery obligations until the Court decides whether to dismiss Barkley's Complaint on behalf of Melanie Lane. For his part, Barkley has filed a Motion to Stay Foreclosure Pending a Determination of Standing (ECF No. 14), meaning PennyMac's standing to initiate a foreclosure.

Pursuant to Administrative Order 2013-05, the Court has referred cases filed by non-prisoner, *pro se* plaintiffs to a United States Magistrate Judge for the management of all pretrial matters, including a determination of non-dispositive motions like the parties' Motions to Stay and recommending the proper ruling on dispositive motions like Defendant's Motion to Dismiss. The Magistrate Judge has now issued rulings on each of both Motions.  When Barkley did not file a timely response to Defendant's Motion to Stay Discovery, the Magistrate Judge granted it. The Magistrate Judge has subsequently recommended that the Court grant Defendant's Motion to Dismiss the Complaint for Barkley's lack of standing and deny Barkley's Motion to Stay Foreclosure as moot.

Barkley filed a response brief, which was not timely, in opposition to Defendant's Motion to Stay Discovery and objections, which were timely, to the Magistrate Judge's order granting the stay.  Barkley argues that discovery is needed to prove PennyMac's lack of standing or right to enforce the promissory note or deed of trust.  Barkley asserts that the deed of trust was only recorded on September 24, 2024, after he had filed suit to quiet title.  A stay of discovery is highly prejudicial to Plaintiff.  Therefore, the Court should set aside the Magistrate Judge's order granting Defendant's Motion to Stay Discovery.

As far as Defendant's Motion to Dismiss, Melanie Lane, not Joshua Barkley, filed her own objection to the recommendation that the Court grant the Motion to Dismiss. Lane argues that rather than dismiss the case for Barkley's lack of standing, the Court should permit her to represent

herself or give her an opportunity to retain counsel. Lane states that she granted Barkley the power of attorney in order to pursue the claims on her behalf. Lane now indicates that she is prepared to sue in her own name if that will avoid dismissal. In conjunction with her objection, Lane has filed an Amended Complaint (ECF No. 19), signed by Lane and naming Lane as Plaintiff and dropping any reference to Joshua Barkley. The Amended Complaint otherwise mirrors the allegations contained in the original Complaint.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review to orders on "nondispositive" preliminary matters and de novo review to reports and recommendations on dispositive matters. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). *See also* 28 U.S.C. § 636(b)(1). Federal Rule Civil Procedure 72(a) states that a district judge "shall consider" objections to a magistrate judge's order on a non-dispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Bell v. Int'l Broth. of Teamsters*, No. 96-3219, 1997 WL 103320, at*4 (6th Cir. Mar. 6, 1997). "The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard." *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quotation omitted). "When examining legal conclusions under the contrary to law standard, the Court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994)

(internal quotation marks omitted)).  *See also* 32 Am. Jur. 2d *Federal Courts* 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.").

## **ANALYSIS**

As a threshold matter, the Court holds that Barkley cannot act in a representative capacity on behalf of Melanie Lane.  Accepting as true Barkley's allegation that Lane has appointed him attorney-in-fact to represent her in this proceeding, Barkley is himself a layperson and cannot act *pro se* to represent the interests of another layperson like Ms. Lane in federal court. Under 28 U.S.C. § 1654, plaintiffs in federal court cannot "appear *pro se* where interests other than their own are at stake." *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993).[1] And Barkley has not alleged any interest of his own in the outcome of the dispute between Lane and PennyMac. Under the circumstances, the Court agrees with the Magistrate Judge that Barkley cannot bring this action as attorney-in-fact for Melanie Lane.

---

[1] Defendant argues in its Motion to Dismiss as well as in its response to Lane's objections that that as a matter of Tennessee law, the original Complaint is null and void.  Defendant cites for support Tennessee cases applying Tenn. Code Ann. § 23-1-103.  *E.g. Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 554 (Tenn. Ct. App. 2015). This caselaw concerns the Tennessee statute regulating the practice of law in the courts of the State of Tennessee and the effect of papers filed on behalf of others by persons who are not otherwise authorized to practice law in state court. Defendant's arguments would have carried some force, had Defendant raised them in Hardeman Count Chancery Court, before Defendant removed the case to federal court.  As things stand, however, this Court now has jurisdiction under 28 U.S.C. § 1332 and is bound to apply federal procedural law, not state law regulating the practice of law in state courts. *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 613 (6th Cir. 2024) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (other citation omitted)).

In any event, the Magistrate Judge has recommended that the Court grant Defendant's Motion to Dismiss as a matter of Barkley's standing, not because of Tennessee's statutory prohibition on *pro se* parties engaging in the unauthorized practice of law by representing other *pro se* parties in state court.

Barkley, the only Plaintiff named in the original Complaint, has not shown why the Court should not adopt the Magistrate Judge's conclusion. Instead, Melanie Lane has now come forward to object to the report and recommendation and assert her claims herself rather than through her attorney-in-fact. Lane argues that the Court should allow her case to move forward without Barkley appearing as the named Plaintiff and that the Court should permit her to pursue her own suit against Defendant. Lane has also filed an Amended Complaint, though without first seeking leave of Court to do so. *See* Fed. R. Civ. P. 15(a) (giving a plaintiff the right to amend a pleading under certain circumstances, which are not present here, and requiring the plaintiff to get court permission to amend in all other instances).

Federal Rule of Civil Procedure 17(a)(1) requires that an action "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). It appears to be undisputed that Lane is the real party in interest in this dispute. The pleadings allege that Lane is the owner of record of real property and that Lane executed the promissory note and deed of trust secured by the real property, instruments which Defendant is allegedly attempting to enforce. The original Complaint attempts to press Lane's claims through an attorney-in-fact but one without the capacity to represent Lane for the reasons the Court has already noted. Lane has now filed an Amended Complaint in which she is the named Plaintiff and indicates that she intends to represent herself or find counsel to represent her in this matter.

The proper outcome then is for the Court to permit Lane to be substituted into the action. Rule 17(a)(3) states that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Defendant has raised such an objection, and Lane has responded by filing an amended pleading to substitute

6

herself as the named Plaintiff, albeit without proper leave of court. Under the circumstances, the action should proceed "as if it had been originally commenced by the real party in interest." *Id.*; *GMAC Mortgage, LLC v. McKeever*, 651 F. App'x 332, 336 (6th Cir. 2016). The case will proceed then with Melanie Lane as the named Plaintiff because Lane is the real party in interest. While Lane's approach is somewhat irregular, the Court will grant her leave to file the Amended Complaint and substitute herself as the named Plaintiff in place of Joshua Barkley, her attorney-in-fact.[2]

As part of his consideration of Defendant's Motion to Dismiss, the Magistrate Judge recommended that the Court deny Barkley's Motion to Stay Foreclosure as moot based on Barkley's lack of standing to act on behalf of Melanie Lane. Lane has not objected to that proposed conclusion, and the time to do so has now expired. Lane has since filed her own requests for injunctive relief. Therefore, the Court will **ADOPT** the Magistrate Judge's recommendation and **DENY** Barkley's Motion to Stay Foreclosure as moot.

The Magistrate Judge also granted Defendant's Motion to Stay Discovery after Barkley failed to make a timely response to the Motion. Although Barkley filed timely objections to the ruling, the Court finds no error in the Magistrate Judge's order. Local Rule 7.2 governs motion practice in this Court and gives a non-moving party like Barkley 14 days to file a response if the non-moving intends to oppose the moving party's request. Local Rule 7.2 specifies that a failure

---

[2] Defendant has filed a Motion to Dismiss the Amended Complaint, arguing in part that the Court should strike the filing because Lane did not seek permission to file it. Def.'s Mot. to Dismiss Am. Compl. 6, Dec. 5, 2024 (ECF No. 21). Defendant's point is true that Lane did follow the correct procedure to file an amended pleading. However, because Rule 17 requires the Court to give Plaintiff an opportunity to substitute the real party in interest, the Court finds that Lane is entitled under Rule 17 to be substituted as the named Plaintiff. Striking the Amended Complaint is unnecessary at this time. The balance of Defendant's arguments in the Motion to Dismiss the Amended Complaint will be recommitted to the Magistrate Judge.

to respond may be deemed good grounds to grant a motion. The Magistrate Judge's decision to grant the Motion to Stay after Barkley failed to respond within the time allowed is not contrary to law. Barkley's objection to the order is therefore overruled.

## CONCLUSION

The Court **ADOPTS** the report and recommendation and **GRANTS** Defendant's Motion to Dismiss the original Complaint and **DENIES** Barkley's Motion to Stay Foreclosure. The Court **AFFIRMS** the Magistrate Judge's order granting Defendant's motion to stay discovery. The Clerk of Court is directed to terminate Joshua Barkley as attorney-in-fact for Melanie Lane as a party to this action and substitute Melanie Lane as the named Plaintiff.

The Court hereby **GRANTS** Lane leave to file the Amended Complaint (ECF No. 19). Defendant has since filed a Motion to Dismiss (ECF No. 20) Lane's Amended Complaint. Consistent with Administrative Order 2013-05, the action is hereby recommitted to the Magistrate Judge for a recommendation on the Motion to Dismiss.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: December 17, 2024